[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12107
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:02-cr-00043-MP-GRJ-5

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FREDDIE LEE MURPHY,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 28, 2012)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

    Freddie Murphy appeals the revocation of his supervised release, as well as

his 60-month sentence. He argues on appeal that the district court abused its

discretion by revoking his supervised release, and that his 60-month sentence is both procedurally and substantively unreasonable.

## I.

Murphy first contends that the government failed to prove by a preponderance of the evidence that he committed aggravated battery with a deadly weapon, the state criminal offense that formed the factual basis of one of his supervised release violations.

We review a district court's revocation of supervised release for abuse of discretion. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). A district court's findings of fact made at a revocation hearing are reviewed for clear error, and we will reverse only if the record lacks substantial evidence to support those findings. *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993); *see United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007). A district court may revoke a defendant's term of supervised release and impose a prison sentence when it finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3); *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006).

Here, substantial evidence and testimony presented at the revocation hearing, including Murphy's plea of *nolo contendere* to aggravated battery charges

in Florida state court, supported the district court's determination that Murphy had committed a violation of the terms and conditions of his supervised release. Additionally, Murphy's admission to a different violation, misdemeanor battery, further supports the district court's determination. The district court did not abuse its discretion when it concluded that Murphy violated the terms of his supervised release.

## II.

Murphy further argues that his 60-month sentence is procedurally unreasonable because the district court failed to determine the grade of his violations, for purposes of calculating an advisory sentencing range, nor did it indicate that had it thoroughly considered the Sentencing Guidelines and the sentencing factors found in 18 U.S.C. § 3553(a). He also contends that because strong evidence suggested that he had not committed one of the violations, and the district court failed to consider the § 3553(a) factors, his sentence is also substantively unreasonable.

We review the sentence imposed upon the revocation of supervised release for reasonableness. *Velasquez Velasquez*, 524 F.3d at 1252. A district court's decision to exceed the advisory sentencing range, as determined by Chapter 7 of the Sentencing Guidelines, is reviewed for an abuse of discretion. *United States v.*

*Silva*, 443 F.3d 795, 798 (11th Cir. 2006).

In reviewing the reasonableness of a sentence, we conduct a two-step review. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). First, we ensure that the sentence was procedurally reasonable, meaning the district court (1) properly calculated the guideline range, (2) treated the guidelines as advisory, (3) considered the § 3553(a) factors, (4) did not rely on clearly erroneous facts, and (5) adequately explained the chosen sentence. *Id.* In explaining the sentence, the district court need not specifically discuss each of the § 3553(a) factors, if it is clear from the record that the district court properly considered them. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

Once we determine that a sentence is procedurally sound, we examine whether the sentence was substantively reasonable in light of the record and the § 3553(a) factors. *Id.* We must give due deference to the district court's decision that the § 3553(a) factors justify a sentencing variance. *Id.* We will remand for resentencing only if we are left with the "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (citation omitted). The party challenging the sentence has the

4

burden of establishing that the sentence was unreasonable. *Talley*, 431 F.3d at 788.

Chapter 7 of the Sentencing Guidelines governs violations of supervised release and provides recommended ranges of imprisonment applicable upon revocation. *United States v. Silva*, 443 F.3d 795, 798 (11th Cir. 2006) (citing U.S.S.G. § 7B1.4). We have consistently held that the policy statements of Chapter 7 are merely advisory and not binding. *Id.* at 799. However, the district court is required to consider the statements, and when exceeding them, "must normally indicate that it considered [them]." *Id*. Under the Sentencing Guidelines, where there is more than one violation of the conditions of supervision, the grade of the violation is determined by the violation having the most serious grade. U.S.S.G. § 7B1.1(b). The guidelines provide that conduct constituting a crime of violence, punishable by a term of imprisonment exceeding one year, is a Grade A violation for which revocation of supervised release is mandatory. U.S.S.G. § 7B1.1(a)(1). Under Florida law, aggravated battery is a second-degree felony, punishable by a term of imprisonment not exceeding 15 years, and occurs when a person, "in committing battery . . . uses a deadly weapon." Fla. Stat. § 784.045(1)(a)(2).

Murphy has not carried his burden of showing that his sentence is either procedurally or substantively unreasonable. Contrary to Murphy's contention, the

district court revoked his supervised release on the basis of both the misdemeanor battery and aggravated battery violations. Any failure by the district court to expressly name Murphy's aggravated battery offense a "crime of violence," in light of the circumstances of the violation that were established during the revocation hearing, does not amount to procedural error. Additionally, Murphy's other claims of procedural unreasonableness are similarly without merit, as the record reflects that the district court considered both the advisory sentencing guidelines range and the § 3553(a) factors in determining Murphy's 60-month sentence.

Murphy's sentence is also substantively reasonable, in light of the § 3553(a) sentencing factors and the facts and circumstances of his revocation offenses. The district court's above-guidelines sentence further reflects the Sentencing Commission's policy statement, which provides that "an upward departure may be warranted" in a case, such as this, where the defendant's "original sentence was the result of a downward departure . . . as [a] reward for substantial assistance." 18 U.S.C. § 3553(a)(5); U.S.S.G. § 7B1.4, comment. (n.4).

Upon review of the record and consideration of the parties' briefs, we affirm the revocation of Murphy's supervised release and his 60-month sentence.

**AFFIRMED.**